Hall, Judge.—
It is admitted that previous to the making of the statute 22 Hen. VIII. ch. 14, any person arraigned for felony might have challenged as many as thirty-five jurors peremptorily. But in case such person peremptorily challenged above thirty-five, he was doomed to the peine forte & dure, by which means he avoided a trial by jury. But that statute directs that no person arraigned for felony can be admitted to make any more than twenty peremptory challenges. This statute was in force in this state until the passage of the act of 1777, by the 94th section of which it is enacted, that every person on trial for his life may make a peremptory challenge of thirty-five jurors. It has been contended, that, inasmuch as the legislature by that act put it in the power of a prisoner to challenge thirty-five jurors, the same number that he might have challenged peremptorily at common law, he also had a right to challenge peremptorily a greater number than thirty-five, by which means, as at common law, he would defeat a trial by jury. In other words, that the act of 1777 operated a repeal of the stat. 22 H. VIII. ch. 14. I cannot subscribe to such a construction. I cannot but entertain a belief that the legislature only intended to put it in the power of a prisoner peremptorily to challenge a greater number of jurors, than by the stat. 22 H. VIII. ch. 14. he had a right to challenge; but that in addition to this privilege they intended him no *307 other. If they had intended that a prisoner, by challenging thirty-six juror, should defeat a trial by jury, they must have also intended, either that he should draw down upon himself the judgment of peine forte & dure, or that he should not be suitably punished, however grossly he might have offended. That the legislature intended either cannot be admitted. I think the act of 1777 only intended that a prisoner might challenge thirty-six jurors, under the same rules and regulations 10ns that he might have challenged 20 under the stat. of 22 H. VIII. ch. 14, before the passage of the act; if so, no prisoner since that statute has been admitted to challenge more than twenty jurors—if they did, such challenges have been over-ruled, and so I think they ought to be in case a prisoner, since the passing of our act, peremptorily attempts to challenge more than thirty-five jurors. One strong reason why, under the statute of H. VIII. peremptory challenges to more than twenty was not allowed, was because the sentence of peine forte & dure could not be pronounced against the challenger, as not being authorized either by common law or the statute. Much less ought such challenges to be countenanced here, as our act of Assembly makes no provision of that sort; and if it did, such provision would be rendered ineffectual by our constitution. I am therefore of opinion in this case, that the prisoner had not a right to challenge peremptorily more than thirty-five jurors, and that as he did do so, it was proper to over-rule it.
Johnston, Judge.—
By the common law, the prisoner was allowed to challenge thriy-five jurors, without assigning any cause; if he challenged more, without cause shewn, he was treated *308 in the same manner as if he had stood mute, and had sentence to suffer a most cruel death for his obstinancy and contempt of the court.
By the stat. 22 H. VIII. ch. 14, the prisoner is restrained from challenging more than twenty peremptorily, and from that to this in England, and from the establishment of the government of this country under the charter of King Charles II. till the session of Assembly in 1777, the practice has uniformly been, that if a prisoner, after making peremptory challenges to the number of twenty, and after made further challenge, without shewing cause, such further challenge was disallowed and prevented, and the juror sworn. One reason given by Hale, in his history of the Pleas of the Crown, 2d. 270, why, if a prisoner challenge more than twenty peremptorily, such challenge shall be over-ruled, is, “ because the stat. hath made no provision to attaint the felon, if he challenge above the number of twenty.”
By the Declaration of Rights, sect. 9, " No " freeman shall be convicted of any crime, but " by the unanimous verdict of a jury of good and " lawful men, as heretofore used." By this regulation, the cruel manner of putting a prisoner to death at common law, where he stood mute of challenged peremptorily a greater number than was permitted by law, is altogether done away. Judgment of death could therefore be pronounced only in cases where the prisoner is found guilty on trial by jury, or where he on his arraignment confesses the charge by pleading guilty.
By the act passed November, 1777, sec. 94, the prisoner may make a peremptory challenge of thirty-five jurors; but makes no provision to *309 attaint the felon if he challenge above that number, which brings it expressly within the reason above laid down in Hale. It however makes an alteration in the manner of the trial of prisoners from what was heretofore used, and not perfectly conformable to the rule laid down in the Constitution; but as it only extends that rule in favour of life, it has passed sub silentio, and never been questioned. Had it been objected to by the counsel for the state, there appears to me great doubt whether the privilege allowed by the act could be supported on constitutional principles. Had the act, instead of increasing the number of challenges, restrained them to a less number than twenty, no judge would have hesitated a moment to have allowed the prisoner to make his peremptory challenge to the number of twenty, notwithstanding the act. Or the act had directed that in case the prisoner should challenge more than thirty-five, he should suffer peine fort et dure, as at common law, there is no doubt but it would be equally disregarded.
Upon the whole I am clearly of opinion, that the act of 1777 is only an extension of the number of challenges, which had been restrained by the 22d of H. VIII. and that the manner of trying criminals heretofore used is in no other respect altered. That the Judge who, in this case, rejected the challenge, and ordered the jury to be sworn, was warranted in that judgment by legal and constitutional principles; and that the prisoner being found guilty, sentence of death should be pronounced against him.
Macay and Taylor, Judges, concurred in opinion with the other two Judges, that, the prisoner *310 had no right to challenge more than thirty-five jurors, without shewing legal cause.